**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RONALD L. SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV-07-67-R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered February 20, 2008 [Doc. No. 24] and Plaintiff's Objections to the Report and Recommendation filed March 11, 2008 [Doc. No. 25]. Pursuant to 29 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation de novo in light of Plaintiff's Objections thereto.

In his Objections, Plaintiff asserts that the Magistrate Judge erred in finding that the Administrative Law Judge's evaluation of Plaintiff's mental impairments was legally and factually correct, arguing that the lack of mental health treatment and alleged mental symptoms in Plaintiff's medical records during 2004 and 2005, when Plaintiff "was primarily being seen [for] physical problems," Objections at p.4, "were insufficient to conclude that his mental impairments were not severe," id. He also takes issue with the Magistrate Judge's

conclusion that the ALJ properly discussed "some" of Dr. Danaher's observations, arguing that Dr. Danaher's findings and corresponding diagnoses which were "uncontroverted and significantly probative of Mr. Sutton's capacities for concentration and social functioning" should have been discussed by the ALJ. Id. at p.5. Plaintiff argues that the Court find the ALJ's "incomplete and incorrect discussion of Dr. Danaher's examination to be legally flawed," notwithstanding the Magistrate Judge's analysis. Id. at p.6. Finally, Plaintiff asserts that the Magistrate Judge engaged in improper ad hoc justification regarding the ALJ's failure to address: 1) Dr. Varghese's 2004 findings; 2) Dr. McKinney's unexplained affirmation of same; and 3) Dr. McKinney's 2002 findings regarding Mr. Sutton's "marked" limitations in performing detailed instructions and relating to the public.

Notwithstanding the fact that Plaintiff did not allege or testify that he suffered from nervousness, anxiety or any type of mental impairment in the application under consideration, the ALJ properly considered and evaluated evidence in the record predating the period of review suggesting that Plaintiff might suffer from some form of mental impairment. See Lackey v. Barnhart, 127 Fed. Appx. 455, 458 (10th Cir. April 5, 2005) (No. 04-7041), citing Hamlin v. Barnhart, 365 F.3d 1208, 1223 n.15 (10th Cir. 2004) (the fact that reports predated the disability period at issue did not render them categorically irrelevant). In the Court's opinion, the ALJ was not required to mention or discuss all of Dr. Danaher's findings, diagnoses and possible diagnoses. The ALJ specifically mentioned the Plaintiff's history of traumatic brain injury and history of cocaine dependence and alcohol abuse in remission. The ALJ did not mention Dr. Danaher's findings at Axis I and Axis II that a

cognitive disorder secondary to traumatic brain injury and antisocial personality disorder should be ruled out as possible diagnoses, but those diagnoses were hardly definitive or "uncontroverted" as Plaintiff suggests. These diagnoses were expressly merely possible diagnoses for which further evaluation was necessary to rule out. The ALJ did not mention Dr. Danaher's diagnosis of "Post Traumatic Stress Disorder"; however, he specifically described the remote history of a gunshot wound to Plaintiff's head and several other traumatic head injuries resulting in a seizure disorder and the manifestations of Post Traumatic Stress Disorder - "intrusive thoughts, memories, and flashbacks" as well as the "anxiety, paranoia, memory deficits, and concentration deficits" resulting from a history of the abuse of crack cocaine and hallucinogens. Tr. at 16. It is noted that the ALJ also did not specifically discuss Dr. Danaher's findings that the Plaintiff was "alert and oriented and his speech was logical, goal directed and fully intelligible" and that his "[a]ffective expressions as observed during . . . [the] interview would be described as congruent with the content of . . . [Plaintiff's] conversation and responsive," but that Plaintiff does not complain of this omission.

    The Court agrees with Plaintiff that it would have been preferable for the ALJ to have discussed the findings of Dr. McKinney in the July 15, 2002 Mental Residual Functional Capacity Assessment, Tr. 172-25, and that the ALJ should have discussed Dr. Sally Varghese's assessment in a Psychiatric Review Technique (PRT) form completed August 11, 2004, Tr. at 235-48, and Dr. McKinney's affirmance of that assessment "as written," Tr. at 235. However, the ALJ's findings that "the claimant suffers mild restrictions of activities

of daily living; mild difficulties [with] social functioning; mild to mildly moderate difficulties of concentration, persistent and pace; and no repeated episodes of deterioration in work and work-like settings" were fully consistent with Dr. McKinney's findings in 2002 that the Plaintiff's ability to understand, remember and carry out detailed instructions was "markedly limited" while his ability to understand, remember and carry out very short and simple instructions, to maintain attention and concentration for extended periods of time and ability to make simple work-related decisions were "not significantly limited;" his ability to interact appropriately with the public was only "moderately limited;" Tr. at 172-74; that Plaintiff's restriction of activities of daily living and difficulties in maintaining social functioning as functional limitations of his "nervous condition" were only moderate, that his difficulties in maintaining concentration, persistence or pace only mild, that he had had only one or two episodes of decompensation, Tr. at 186; and that his mental condition "does not approach Listing level severity." Tr. at 188.  Likewise, the ALJ's findings as to Plaintiff's mental limitations were consistent with (and evidently based upon) Dr. Sally Varghese's findings in the August 11, 2004 PRT, affirmed by Dr. Margaret McKinney on February 4, 2005, that Plaintiff has only mild restriction of the activities of daily living, difficulties in maintaining social functioning and in maintaining concentration, persistence or pace, no episodes of decompensation of extended duration and no severe mental impairment during the period at issue.  Tr. at 235-48.

Because the reports which the Plaintiff complains the ALJ did not mention or fully discuss in his decision pertained to a period which predated the time period at issue and it is

obvious the ALJ considered such reports and/or that his findings as to Plaintiff's mental limitations were consistent not only with more recent reports but with the 2002 reports; the more recent medical evidence does not show that Plaintiff sought or required any treatment or medical evaluation for seizures or other neurological disorders or significant psychiatric disorders and in May of 2004 the Plaintiff specifically denied any history of seizures, anxiety, depression or other mental illness, Tr. at 191; and subsequently treating physicians did not describe Plaintiff as exhibiting any neurological or psychiatric problems, the ALJ did not err in evaluating Plaintiff's mental impairment or limitations imposed thereby.

In his second objection, Plaintiff asserts that the ALJ's failure to include any mental restrictions relating to social functioning and concentration (including memory and other than a limitation for unskilled work) in Plaintiff's RFC was not supported by substantial evidence and implies that the Magistrate Judge erred in concluding that "[b]ecause no treating or examining physician provided a reasoned opinion that Plaintiff's claimed psychiatric impairments were vocationally significant, the [ALJ] appropriately omitted limitations stemming from his mental condition in the residual functional capacity assessment . . . " Plaintiff's Objection at p.7, quoting Report and Recommendation at p.12.  The Court agrees with the Magistrate Judge that because the ALJ found only mild functional limitations supported by the PRT assessment(s) and no treating or examining physician provided a reasoned opinion that Plaintiff had a mental impairment that was vocationally significant, the ALJ was not required to include a limitation in Plaintiff's RFC for social functioning and concentration (including memory) other than semi-skilled work. The ALJ's failure to include

restrictions for social functioning and concentration in Plaintiff's RFC was not error and the ALJ's determination of Plaintiff's RFC is supported by substantial evidence.

In his third objection, Plaintiff asserts that the ALJ's evaluation of Plaintiff's credibility or Plaintiff's subjective complaints did not comport with applicable legal standards because the ALJ failed to discuss Plaintiff's testimony "in any detail," Objections at p.8; "used conclusory language regarding the medical evidence and unidentified 'other evidence in the record;'" and "failed to discuss a good deal of testimonial and medical evidence which supported many of [Plaintiff's] physical complaints under the legally relevant factors." Id. Plaintiff implies that the Magistrate Judge's reasoning or explanation for his conclusion that the "credibility analysis was sufficient," Report and Recommendation at p.15, is inadequate or flawed.

Plaintiff testified that his diabetes "gets so high sometimes it makes me dizzy then it makes me tired all the time" and that his lower back "hurts all the time, . . . all the way down to my legs even when I walk and bend." Tr. at 281. Yet the medical evidence reflects that Plaintiff's diabetes is diet-controlled and that Plaintiff has only mild degenerative disease of his lumbar spinal region. The ALJ evaluated Plaintiff's complaints of "chronic back pain" and "other subjective complaints" according to the criteria established by 20 C.F.R.§ 404.1529 and 20 C.F.R. § 416.929, "considering the intensity, persistence, and limiting effects of the alleged symptoms: as reflected by medical opinions; daily activities; the location, duration, frequency, and intensity of pain and/or other symptoms; precipitating and aggravating factors; and type, dosage, effectiveness and side effects of medication," Tr.

at 15, as discussed in both prior and subsequent paragraphs in the ALJ's decision, which support the ALJ's conclusion that "the claimant's testimony and statements of the disabling nature of his health impairments are not credible." Tr. at 16.  Although it would have been preferable for the ALJ to have more expressly and closely linked his credibility findings to the substantial evidence supporting it, the linkage is obvious and adequate.  The ALJ's decision sets forth the specific evidence relied upon in making the determination of the Plaintiff's credibility.  Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  The Magistrate Judge's conclusion that the ALJ's credibility analysis was sufficient is not erroneous.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 24] is ADOPTED in its entirety and the decision of the Commissioner of the Social Security Administration is AFFIRMED.

**IT IS SO ORDERED this 28th  day of March,. 2008.**

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE